# In re RULES OF PRACTICE AND PROCEDURE

### Misc. No. 2–04

United States Court of Appeals for Veterans Claims.

Aug. 27, 2004.

Before KRAMER, Chief Judge, and FARLEY, IVERS, STEINBERG, GREENE, KASOLD, and HAGEL, Judges.

## ORDER

KRAMER, Chief Judge.

Pursuant to the authority of 38 U.S.C. §§ 7263(b) and 7264(a) and consistent with 28 U.S.C. § 2071(b) and (e), the Court has adopted revisions to certain of its Rules of Practice and Procedure. The Court has benefitted from public comment and from the views of its Rules Advisory Committee. Accordingly, it is

ORDERED that the attached changes to Rules 11, 25, 27, 28, 29, 32, 34, 35, 36, 37, 39, and 45 of the Rules of Practice and Procedure are hereby published and will be effective September 13, 2004.

## ATTACHMENT TO MISCELLANEOUS ORDER NO. 2–04

*(added language underlined; deleted language lined out)*

### RULE 11.  TRANSMISSION OF THE RECORD ON APPEAL

**(a) Transmission.** The Secretary retains the original claims file. The Secretary must transmit to the Clerk two certified copies of the record on appeal and also serve a copy on each party. The Court may direct that additional copies be transmitted.

\*     \*     \*     \*     \*     \*

(2) *Time.* Unless the Court orders otherwise, the Secretary must transmit the record not later than 30 days after the appellant's counter designation or statement was (A) due under Rule 10 or (B) served on the Secretary, whichever date is ~~sooner~~*later*.

\*     \*     \*     \*     \*     \*

**(d) Contingency Planning.** *See Rule 37.*

### RULE 25.   FILING AND SERVICE

**(a) Filing.** A paper required or permitted to be filed in the Court must be filed with the Clerk. See Rule 3(g).

(1) *Mail.* Filing may be accomplished by mail addressed to the Clerk.

(2) *Fax.* Any paper except a brief filed under Rule 28 *or 29* may be filed by fax sent to the Clerk if the paper—

(A) is preceded by a cover sheet showing the sender's name, address, and telephone and fax numbers; the Court case number and caption; and the number of pages being sent; and

(B) has numbered pages and is not more than ten 8 ½"x11" pages long (the page limit does not include the cover sheet or the certificate of service but does include any supporting documents, and the paper may not be split into multiple transmissions to avoid this page limit).

The sender bears the risk of fax transmission. Court personnel will not provide a confirmed copy. If a transmission is illegible in whole or in part or is incomplete, the Court may, but need not, direct the sender to provide a legible or complete copy by mail.

(3) *Confirmation.* Confirmation of the filing (but not of the adequacy of the content) of any paper by any means may be

obtained by accessing the case docket on the Court's web site (see Rule 3(g)).

**(b) Timeliness.**

(1) *Fax filing.* A paper may be sent by fax at any time. A paper-except a Notice of Appeal or an application for attorney fees and expenses-received by the Clerk by fax on any nonbusiness day, or on any business day before 7:00 a.m. Eastern Time on that day, is considered received by the Court on the preceding business day. A Notice of Appeal or an application for attorney fees and expenses filed by fax is considered received by the Court on the day on which it is received.

(2) *Briefs. A brief is timely filed if on or before the last day for filing it is—*

*(A) mailed to the Clerk via the United States Postal Service by first-class mail or other class of mail that is at least as expeditious, postage prepaid; or*

*(B) deposited with a private commercial carrier for delivery to the Clerk not later than the third calendar day after the date of deposit.*

(2̶3) *Other papers.* Except as provided in paragraph (1), all papers must be received by the Clerk or deposited in the night box within the time specified for filing. See Rule 45.

(3̶4) *Appellant confined in an institution.* A paper filed by a self-represented appellant who is an inmate confined in an institution is timely filed if the paper is deposited in the institution's internal mail system within the time specified for filing and is accompanied by evidence showing the date of deposit and stating that first-class postage has been prepaid.

\*     \*     \*     \*     \*     \*

**(e) Proof of Service.**

(1) A paper presented for filing must contain either of the following *as proof of service:*

(1̶A) An acknowledgment by the person served of his or her personal service, or

(2̶B) a statement certified by the person(s) who made service, showing the date and manner of service and the names and addresses of the persons served. Proof of service may appear on or be attached to the paper filed.

(2) *When a brief is filed by mail or commercial-carrier delivery in accordance with subsection (b)(2), the proof of service must also state the date and manner by which the brief was sent to the Clerk.*

## RULE 27.   MOTIONS

\*     \*     \*     \*     \*     \*

**(b) Response *or Opposition*.**

(1) *Time to File.* Unless otherwise prescribed in these rules (*see,* e.g., Rule 26(b)(3)), any party may file a response or opposition to a motion not later than 14 days after service of the motion, but motions authorized by Rule 8 (suspension of Secretarial action pending appeal or petition) may be acted upon after reasonable notice of the motion *has been provided* to all parties,̶ ̶a̶n̶d̶ ̶*t̶. The* Court may shorten or extend the time for responding to any motion.

(2) *Form of Opposition.   Unless the Court orders otherwise, an opposition to a motion must be submitted by the opposing party in writing, and a motion will be considered unopposed if such an opposition is not filed.*

**(c) Motions for Procedural Orders.** Notwithstanding subsection (a) and except as provided in the next sentence, motions for procedural orders may be acted on at any time, without awaiting a response, and, by rule or order of the Court, motions for certain procedural orders may be disposed of by the Clerk. Motions to extend time *for good cause (but not for extraordi-*

*nary circumstances)* may be acted on by the Clerk if not opposed within 5 days after service on the other party. See Rule 26(b)(3). Any party who may be adversely affected by the action may, by motion, request that the Court reconsider, vacate, or modify the action not later than 10 days after the action is announced.

**(d) Form, Copies, and Length.** Except by permission of the Court, the form and copy requirements in Rule 32 for principal briefs apply to motions and responses, except that a motion or response may not exceed 20 pages. *See also* Rule 6 (Protection of Privacy) *and Rule 37 (Contingency Planning).*

**(e) Prohibited Nondispositive Motions.** No more than one subject may be addressed in any nondispositive motion *unless otherwise provided by these rules (see Rule 35(d)).* The Clerk will return any motion that violates this subsection. See also Rules 5(d) and 26(d).

*(f) Effect of Motions. Filing a motion does not suspend proceedings or otherwise alter the schedule for filing papers unless the Court grants the motion. See Rules 5(b) and 26(b)(4).*

### RULE 28.  BRIEFS

**(a) Appellant's Brief.** The ~~A~~appellant must file a brief which, unless the appellant is self-represented *and submits an informal brief pursuant to* ~~(see~~ subsection (i)~~)~~, must contain, in the following order, the appropriate division headings and the following separate divisions:

(1) A table of contents, with page references;

(2) a table of cases (alphabetically listed), statutes, and other authorities cited, with references to the page of the brief where they are cited, unless the case is expedited under Rule 47;

(3) a statement of the issues;

(4) a statement of the case, showing briefly the nature of the case, the course of proceedings, the result below, and the facts relevant to the issues, with appropriate references to the record on appeal;

(5) an argument, beginning with a summary and containing the appellant's contentions with respect to the issues and the reasons for those contentions, with citations to the authorities and parts of the record on appeal relied on; and

(6) a short conclusion stating the precise relief sought.

\*　　\*　　\*　　\*　　\*　　\*

**(e) Motions Prohibited.** After the initial notice to file a brief has been issued to the appellant (see Rule 11(a)(3)), a motion, *other than a joint motion for remand or termination,* will not be accepted from any party in lieu of a brief required by subsections (a) through (c) ~~of this Rule~~. A motion may not be included as part of any brief; *the Court will not act on any motion so included.* The Clerk will return any motion that violates this subsection.

\*　　\*　　\*　　\*　　\*　　\*

**(i) Brief of Self-represented Party.** ~~A~~*Only* a self-represented party ~~(but no other party)~~ may submit, without regard to the requirements of *subsection (a) and* Rule 32, an informal brief on the form provided by the Court.

### RULE 29.  BRIEF OF AN AMICUS ·CURIAE

\*　　\*　　\*　　\*　　\*　　\*

**(b) Form and Content.** An amicus brief must comply with Rules *25(b)(2);* 28(a)(1), (5) and (6); 28(f) and (g); 30; and 32; and state, at the outset of the brief, which party the amicus curiae supports and the interest of the amicus curiae. The brief should avoid repeating the parties'

briefs and should focus on the points not made or not emphasized in them.

### RULE 32. FORM OF BRIEFS, APPENDICES, AND OTHER PAPERS

\* \* \* \* \* \*

**(g) Length and Copies.**

*(1) Normal Course.* Except by permission of the Court or as limited by Rule 47, principal briefs may not exceed 30 pages and reply briefs may not exceed 15 pages, not counting the table of contents; the table of citations; any appendix containing superseded statutes, rules, and regulations, and unpublished authorities; and the certificate of service. An original and three copies of all papers must be filed with the Clerk, but the Court may require that additional copies be furnished. But see Rule 25 (fax filings).

*(2) Contingency Planning. See Rule 37 for responsibilities of parties regarding maintaining copies of papers submitted to the Court for use in the event that the Court cannot access its regular files.*

### RULE 34. ORAL ARGUMENT

\* \* \* \* \* \*

~~(f) Settlement. When the parties enter into negotiations for settlement, they must jointly advise the Clerk of that status as soon as possible. Any notice of settlement must be filed with the Clerk not later than 3 days before the day of a scheduled oral argument on the case.~~

### RULE 35. MOTIONS FOR RECONSIDERATION, OR FOR DECISION BY A PANEL OR BY THE FULL COURT

**(a) Motion for Reconsideration.**

*(1) Permitted.* A party in a case dismissed by the Clerk pursuant to Rule 45(i) may move for reconsideration by the Clerk. If the Clerk denies such reconsideration, the matter will be referred for decision by a judge. A party in a case decided by a single judge may move for reconsideration by the single judge. A party in a case decided by a panel may move for reconsideration by the panel. A party in a case decided by the full Court may move for reconsideration by the full Court.

*(2) Prohibited. A party may not move for reconsideration*

*(A) of a matter if that party has previously filed a motion for reconsideration of that matter and the Court has denied that motion, or*

*(B) of the denial of a motion under subsection (b) or (c) for a panel decision or a full-Court decision, as the case may be.*

**(b) Motion for Panel Decision.** A party in a case decided by a single judge may move for a decision by a panel of the Court.

**(c) Motion for Full–Court Decision.** *Subject to the requirements of subsections (d), (e), and (f), a* A party may move for a decision by the full Court—

(1) ~~initially~~ *in the first instance,* or

(2) after a panel has decided a case, or

(3) after a panel has denied a motion for a panel decision or for reconsideration.

A motion for a decision by the full Court in a case decided only by a single judge is not permitted. Motions for a full-Court decision are not favored. Ordinarily they will not be granted unless such action is necessary to secure or maintain uniformity of the Court's decisions or to resolve a question of exceptional importance.

**(d) Time for Motion.**

*(1) Clerk or single-judge action.* A motion for Clerk reconsideration, a motion for

single-judge reconsideration, a motion for a panel decision, or a motion for both single-judge reconsideration and a panel decision, must be filed not later than 21 days (51 days if the motion is filed by an appellant, petitioner, or representative located outside the United States, Puerto Rico, or the Virgin Islands) after the date of the Clerk's or single-judge's ~~deci-sion.~~*dispositive action. The filing of a motion for single-judge reconsideration does not toll the running of the time period set forth in the preceding sentence; thus, any motion for a panel decision that is not filed within that same time period will be untimely.*

(2) *Panel action.* A motion for panel reconsideration, *a motion* for a full-Court decision, or *a motion* for both *panel reconsideration and a full-Court decision,* must be filed not later than 21 days (51 days if the motion is filed by an appellant, petitioner, or representative located outside the United States, Puerto Rico, or the Virgin Islands) after the date of the initial panel decision or order denying a motion for a panel decision. *The filing of a motion for panel reconsideration does not toll the running of the time period set forth in the preceding sentence; thus, any motion for a full-Court decision that is not filed within that same time period will be untimely.*

(3) ~~*Initial f*~~*Full-Court consideration in the first instance.* A motion for ~~initial~~ consideration of a case by the full Court *in the first instance* must be filed not later than 30 days after the date on which (A) the appellant's brief was served in an appeal or (B) the petitioner's petition was filed in a petition for extraordinary relief.

(4) ~~*Other f*~~*Full-Court reconsideration.* A motion for reconsideration of a case *decided* by the full Court must be filed not later than 21 days (51 days if the motion is filed by an appellant, petitioner, or repre-sentative located outside the United States, Puerto Rico, or the Virgin Islands) after the date of the initial full-Court decision.

\*     \*     \*     \*     \*     \*

**(g) Response; Action on the Motion.** No response to a motion under this rule may be filed unless it is requested by the Court, but a motion for a panel or full-Court decision *or a motion for reconsideration under section (a)(1)* ordinarily will not be granted without such a request. A motion for reconsideration will be decided by the judge or panel that rendered the decision. A motion for a panel decision will be referred to a panel. A motion for a full-Court decision *or for reconsideration of a full-Court decision* will be referred to all of the judges *in regular active service.* Consideration by the full Court requires the vote of ~~a majority of the judges~~*at least one half of the judges in regular active service who are not disqualified.*

## RULE 36. ENTRY OF JUDGMENT

Unless the Court orders otherwise, the judgment will be entered *on the docket* after *the later of (1) the date on which* the time allowed in Rule 35(d)(1), (2), or (4) has expired, or ~~after~~*(2) the date on which* the Court has *denied a* ~~acted on a timely~~ motion *for reconsideration or has denied a motion for full-Court decision after a panel decision, if no other timely motion under Rule 35 is pending* ~~filed under Rule 35(a), (b), or (c)~~. Entry of the judgment begins the 60–day time period for any appeal to the United States Court of Appeals for the Federal Circuit.

## RULE 37.
## ~~(RESERVED)~~CONTINGENCY PLANNING

*(a) General. In the event that the Court's regular files become inaccessible due to an unforeseen contingency, the fol-*

lowing responsibilities are imposed on parties before the Court in order to be able to provide the Court with replacement copies of essential papers filed in cases before the Court.

(1) *Represented Parties.* When the appellant or petitioner is represented, the representative must retain copies of the record on appeal and all papers filed with the Court by the parties or any intervenor or amicus curiae and of all actions issued by the Court.

(2) *Self-represented Parties.* When the appellant or petitioner is self-represented, the Secretary must retain copies of the record on appeal and all papers filed with the Court by the parties or any intervenor or amicus curiae and of all actions issued by the Court. However, if retention of a copy of the record on appeal is not feasible, the Secretary must maintain the capability to reconstruct the record on appeal from the claims file and to certify the accuracy of the reconstructed record on appeal.

**(b) Application of Rule; Duration of Retention.** This Rule is applicable to all cases in which all proceedings have not been concluded as of the date of the adoption of this Rule, and to all cases docketed thereafter. Documents described in subsection (a) will be retained for not less than one year after all proceedings, including those concerning attorney fees and expenses (see Rule 39), are concluded.

## RULE 39. ATTORNEY FEES AND EXPENSES

\* \* \* \* \* \*

**(f) Form, Copies, and Length.** All papers filed under this rule must conform to the requirements set forth in Rule 32, except that an application or response may not exceed 20 pages, not counting any appendix containing pages necessary

to meet the 28 U.S.C. § 2412(d) application-content requirements. See also Rule 37 (Contingency Planning).

## RULE 45. DUTIES OF CLERK

**(a) General Provisions.** The Clerk must take the oath required by law. Neither the Clerk nor any deputy clerk may practice as an attorney or counselor in any court while continuing in office. The Court is always open for the purpose of *receiving a facsimile transmission of any paper, except a brief (see Rule 25(a)(2))* filing any proper paper, of issuing and returning process, of making motions, and of entering orders. The office of the Clerk, with the Clerk or a deputy clerk in attendance, is open during business hours on all days except Saturdays, Sundays, legal holidays, and other days when the Court is closed (see Rule 26(a)) from 9:00 a.m. to 4:00 p.m. A night box is available at the entrance to the Public Office from 4:00 p.m. to 6:00 p.m. on all days that the Court is open.

\* \* \* \* \* \*

**(g) Motions.** Unless a case has been assigned to a judge or judges, the Clerk may act on motions, if *joint*, consented to, or unopposed, that seek to—

(1) dismiss or terminate an appeal or petition with or without prejudice to reinstate it;

(2) remand a case;

(3) reinstate a case that was dismissed for failure to comply with the rules;

(4) extend the time for taking any action required or permitted by the rules or by an order of the Court, unless the motion is made after the time limit has elapsed *or unless the basis for the motion is extraordinary circumstances as required by Rule 26(b);*

(5) consolidate appeals;

(6) withdraw or substitute an appearance; or

(7) correct a brief or other paper.

\* \* \* \* \* \*

(k) **Nonconforming Papers.** Except where return of a paper is required by these rules for a specific reason (see Rules 5(d), 24, 26(d), 27(e) and 28(e)), if the Court receives any paper that does not conform to these rules, the Clerk will receive, but not file, the paper; however, if it is a jurisdiction-conferring paper, the paper will be filed notwithstanding any other provision of these rules. In every case, the Clerk will promptly notify the party of the defect(s) to be corrected and *may, in accordance with guidance from the Board of Judges,* stay proceedings for a reasonable time in order to permit submission of a conforming paper. Failure to submit such conforming paper in a timely manner may result in the dismissal of the matter.